WO                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Brian Colters, | No. CV 21-00998-PHX-MTL (JZB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa County Jail, et al., | |
| Defendants. | |

On June 7, 2021, Plaintiff Brian Colters, who is not in custody, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In District Court Without Prepaying Fees and Costs (Doc. 2). The Court will grant the Application to Proceed, order Defendant Barking to answer the Complaint in his individual capacity, dismiss the remaining Defendants without prejudice, and deny without prejudice Plaintiff's request for counsel.

**I.     Application to Proceed and Filing Fee**

The Court, in its discretion, will grant the Application to Proceed. Plaintiff will be allowed to proceed without paying the filing fee. *See* 28 U.S.C. § 1915(a)(1).

**II.    Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may

TERMPSREF

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.   Complaint**

In his Complaint, Plaintiff names as Defendants the Maricopa County Jail, Maricopa County Sheriff Paul Penzone, and Officer Barking. He seeks declaratory and injunctive relief, monetary damages, and the appointment of counsel.

Plaintiff claims Defendant Barking was the officer in charge of the unit where Plaintiff was held in custody following his transfer from Indiana. He asserts that he twice

TERMPSREF

- 2 -

asked Defendant Barking if he could use the restroom, but Defendant Barking ignored his requests. At this point, Plaintiff got up, walked to the fingerprinting and booking room, and asked the deputies, "with respect [and] in accordance with the rules, policies and procedures of [the] Maricopa County Jail," if he could use the restroom.

Plaintiff contends Defendant Barking came up behind Plaintiff and asked if Plaintiff had his court paperwork. Plaintiff responded that he did not have any court paperwork, and again asked if he could use the restroom. Plaintiff asserts Defendant Barking denied his request and, as Plaintiff was walking, grabbed Plaintiff's arm. He claims he told Defendant Barking that he "didn't have to put his hands on [Plaintiff]." Defendant Barking responded, "I'm going to show you what putting my hand on you feels like."

At this point, Defendant Barking "knocked out" Plaintiff and put him in a choke hold "for no reason at all." Plaintiff contends Defendant Barking "bust[ed]" Plaintiff's lips, pulled his dreadlocks "almost out of [his] head," and caused Plaintiff's eyes to swell. He asserts that Defendant Barking told the other officers that he did this because Plaintiff "wanted to go to the restroom and [Plaintiff] did not follow the proper chain of command." Plaintiff claims that "[a]fter the assault," Defendant Barking hogtied him and put a bag over his head.

Plaintiff sues Defendant Barking in his individual and official capacities and claims Defendant Maricopa County Jail is "responsible for his conduct." Plaintiff also claims he is raising a "Monell claim" because "Maricopa County Jail Policy of Denial of Access to the Restroom that gave [Defendant] Barking the authority to use [excessive] force." He contends "this case wasn't the first time this has happened because of the strict arbitrary discriminatory policies, rules and regulations of Maricopa County Jail."

**IV. Failure to State a Claim**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a

civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

A suit against a defendant in his or her *individual* capacity seeks to impose personal liability upon the official. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  By comparison, a suit against a defendant in his or her *official* capacity represents only another way of pleading an action against the entity that employs the defendant. *Kentucky v. Graham*, 473 U.S. at 165.  That is, the real party in interest is not the named defendant, but the entity that employs the defendant. *Id.*  To bring a claim against an individual in his official capacity, a plaintiff must show that the constitutional deprivation resulted from the entity's policy, custom, or practice. *Id.*; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

### A.     Official Capacity – Defendants Penzone and Barking

Plaintiff's allegations fail to plausibly show that any policy, practice, or custom of any entity has resulted in his alleged injuries.  Although Plaintiff alleges Defendant Barking had the authority to use force because of a "Maricopa County Jail Policy of Denial of Access to the Restroom," Plaintiff does not identify what this policy provides or how it justified Defendant Barking's use of force.  Plaintiff's allegations are simply too vague and conclusory to state an official capacity claim against either Defendant Penzone or Defendant Barking.  Thus, the Court will dismiss without prejudice Plaintiff's official capacity claims.

### B.     Individual Capacity – Defendant Penzone

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's

constitutional rights does not impose liability. *Monell*, 436 U.S. 658; *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Penzone personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Indeed, Plaintiff has made no allegations at all against Defendant Penzone. Thus, the Court will dismiss without prejudice Defendant Penzone.

### C. Defendant Maricopa County Jail

Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law. Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. *Monell*, 436 U.S. at 689-90. However, the Maricopa County Jail is a building or collection of buildings, not a person or legally created entity capable of being sued. Thus, the Court will dismiss Defendant Maricopa County Jail.

## V. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated an excessive force claim against Defendant Barking in his individual capacity. The Court will require Defendant Barking to answer the Complaint in his individual capacity only.

## VI. Request for Counsel

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation

**TERMPSREF**

of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Thus, the Court will deny without prejudice Plaintiff's request for counsel.

**VII.  Warnings**

**A.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.  Copies**

Plaintiff must serve Defendant Barking, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed In District Court Without Prepaying Fees and Costs (Doc. 2) is **granted**. Plaintiff is not required to pay the filing fee.

TERMPSREF

(2) Plaintiff's request for counsel is **denied** without prejudice.

(3) Defendants Maricopa County Jail and Penzone are **dismissed** without prejudice.

(4) Defendant Barking must answer the Complaint in his individual capacity.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Barking.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendant Barking of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(10) If Defendant Barking agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(11) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned

TERMPSREF

- 7 -

by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

  (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

  (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

 (12) Defendant Barking must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

 (13) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

 Dated this 17th day of June, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge