**WO**                                                                                                                    JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Colters,<br><br>                Plaintiff,<br><br>v.<br><br>Maricopa County Jail, et al.,<br><br>                Defendants. | No.  CV-21-00998-PHX-MTL<br><br>**ORDER** |

        Pro se Plaintiff Bryan Colters has filed a Motion to Reopen Case (Doc. 36).  The Court construes the Motion as a Motion for Relief from a Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b).  The Court will deny the Motion.

**I.     Procedural History**

        Plaintiff initially brought this civil rights case pursuant to 42 U.S.C. § 1983 against former Maricopa County Sheriff Penzone, the Maricopa County Jail, and "Officer Barking." (Doc. 1.)  Plaintiff alleged that when he arrived at a Maricopa County Jail after being transferred from Indiana, Defendant Barking used excessive force against him.  (*Id.*) In a June 17, 2021 Order, the Court determined Plaintiff had stated an excessive force claim against Defendant Barking.  (Doc. 5.)  The Court ordered Plaintiff to complete and return a service packet for Defendant Barking within 21 days of the Order.  (*Id.*)

        Plaintiff returned the service packet, and the United States Marshals Service ("USMS") attempted to serve Defendant Barking at the Maricopa County Sheriff's Office ("MCSO"), but MCSO officials declined to waive service because they were unable to

identify Defendant Barking. (Doc. 7.) In a September 15, 2021 Order, the Court ordered Plaintiff to provide a current address for Defendant Barking, return to the Court a completed subpoena and USM-285 (Process Receipt and Return) form directed to MCSO to assist with identifying Defendant Barking, or otherwise show cause why Defendant Barking should not be dismissed for failure to effect service. (Doc. 8.)

On October 25, 2021, Plaintiff filed a Motion to Grant Pretrial Discovery, stating that on June 7, 2021, he had been "assaulted by a correctional officer who the plaintiff thought was barking at him." (Doc. 9 at 1.) Plaintiff asserted that Defendants were refusing to give him the incident report and gave no reason for the denial. (*Id.* at 2.) He claimed Defendants were attempting to evade service and asked the Court to order the Maricopa County Jail to turn over the Incident Report so that Plaintiff could discover the name of the officer who allegedly assaulted him. (*Id.*) Plaintiff included with his Motion a proposed Subpoena requesting "the incident reports from [a] physical assault by of [sic] Burkings, and all documents attached to [Plaintiff's] [i]ntake." (*Id.* at 3.) In a December 2, 2021 Order, the Court directed the Clerk of Court to complete a new USM-285 for Plaintiff addressed to Penzone and to forward the proposed subpoena and corrected USM-285 to the USMS. (Doc. 10.)

On December 29, 2021, Penzone filed a Notice of Compliance stating there was no employee at MCSO with the last name "Burking" or "Barking," and that Penzone had searched all records at each Maricopa County jail "under his charge for any incident involving Plaintiff for the date referenced and no records could be found." (Doc. 12.) Penzone stated that as far as he could ascertain, Plaintiff was not incarcerated in an MCSO facility on October 28, 2021. (*Id.*) In a July 15, 2022 Order, the Court ordered Plaintiff to show cause why Defendant Barking should not be dismissed for failure to serve. (Doc. 13.) On July 27, 2022, Plaintiff filed a Response to the Order to Show Cause, requesting leave to submit a second subpoena for the incident report concerning the alleged assault on April 13, 2021 and Plaintiff's booking information from April 13 to 15, 2021. (Doc. 16.) In an August 16, 2022 Order, the Court granted Plaintiff's request for leave to submit a

second subpoena. (Doc. 17.) The new Subpoena requested "all information from Booking Number T694549 from the date of 4/13/2021 / 4/15/22." (Doc. 18.) After Defendant Barking moved to quash and modify the subpoena, the Court narrowed the subpoena for responsive documents between April 13, 2021, and April 15, 2021. (Docs. 19, 20.)

On December 22, 2022, Penzone filed a Notice stating that MCSO pulled records for Booking Number T694549 and that it "seem[ed] the incident Plaintiff [was] referring to actually occurred on April 16, 2021," and Penzone had disclosed documents related to the April 16, 2021 event, as well as records from April 13 to 15, 2021. (Doc. 21.) Nearly four months later, on April 10, 2023, Plaintiff filed a Motion to Amend Complaint, stating that he had "the correct information." (Doc. 22.) In a June 5, 2023 Order, the Court noted Plaintiff had not attached an amended complaint to his Motion and gave him 21 days to file a renewed motion to amend and a proposed amended complaint. (Doc. 26.)

On July 5, 2023, Plaintiff filed a Motion to Amend Complaint, stating he had received the officer's name and information, and "his name is Officer Perkins #B4555." (Doc. 28.) Plaintiff requested leave to amend the Complaint and attached a proposed Amended Complaint naming "Officer Perkin" as the sole Defendant. (*Id.*; Doc. 29.) In an August 29, 2023 Order, the Court denied the Motion to Amend but sua sponte substituted Officer Perkins in place of Officer Barking. (Doc. 30.) The Court gave Plaintiff 21 days to complete and return a service packet for Officer Perkins. (*Id.*)

Plaintiff failed to timely return the service packet, and in a September 28, 2023 Order, the Court ordered Plaintiff to either return a completed service packet for Officer Perkins or show cause why the case should not be dismissed for failure to comply with the Court's Order. (Doc. 31.) On October 6, 2023, the Court received a service packet from Plaintiff directed to Officer Barking, rather than Officer Perkins. (Doc. 32.) The same day, the Clerk of Court returned the service packet to Plaintiff for correction. (Doc. 33.) Plaintiff never returned the service packet or responded to the Order to Show Cause.

On November 17, 2023, the Magistrate Judge issued a Report and Recommendation that Plaintiff's claims be dismissed without prejudice for failure to effect timely service

and failure to comply with the Court's Orders. (Doc. 34.) In a December 24, 2023 Order, the Court accepted the Report and Recommendation and dismissed this case without prejudice. (Doc. 35.)

## II. Plaintiff's Motion

In his Motion, Plaintiff asserts that he completed the summons and USM-285 form and returned it to the Court, but when USMS "went to the individual Defendant[']s job[,] the facility denied process." (Doc. 36 at 1.) Plaintiff claims "[t]hese individuals have been lying to the [C]ourt from the start," and that Defendants' counsel "said the Defendant [did not] work there and then admitted that he work[ed] the[re] and that the incident happen[ed]. (*Id.*) Plaintiff contends Defendants are evading service. (*Id.* at 2.) Plaintiff includes with his Motion a partially completed Process Receipt and Return, which Plaintiff appears to have dated December 21, 2023; a Waiver of Service of Summons addressed to "Officer Barking," dated December 20, 2023; and a Summons that is not signed by the Clerk of Court. (*Id.* at 4-7.) These documents do not exist elsewhere in the record, and it is unclear how they support Plaintiff's claim that Defendant Barking (or Perkins) evaded service.

## III. Discussion

Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court may relieve a party from a final judgment for among other reasons, mistake, inadvertence, surprise, or excusable neglect; or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Although Plaintiff might have misunderstood or had difficulty complying with the Court's Orders, "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *see also Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant . . . provide grounds for relief under Rule 60(b)(1).") (internal quotation marks and citation omitted). Rather, "[e]xcusable neglect 'encompass[es] situations in which the failure to comply with a filing

deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citations omitted).

The Supreme Court has stated that the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). The Ninth Circuit has concluded that the *Pioneer* factors are not exclusive, but they "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

Plaintiff filed this case nearly three years ago and never served a Defendant. The age of the case poses a danger of prejudice to the opposing party. In addition, throughout the case, Plaintiff repeatedly, and without explanation, failed to timely comply with the Court's Orders. In the June 5, 2023 Order, the Court specifically identified delays attributable to Plaintiff between December 2021 and July 2022 and December 2022 and April 2023. It appears Plaintiff believes that because he was referring to the same officer in each of his pleadings and motions, regardless of the spelling of that officer's name, Defendant evaded service by stating "Officer Barking" was not employed at MCSO, when the officer who allegedly assaulted Plaintiff was still employed at MCSO. But even if Plaintiff acted in good faith in his attempts to identify and serve Officer Barking (or Perkins), the Court concludes Plaintiff is not entitled to relief under Rule 60(b)(1).

"[A] party merits relief under Rule 60(b)(6) if he demonstrates 'extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Cmty. Dental Servs. v. Tani*, 282 3d 1164, 1168 (9th Cir. 2002). To show extraordinary circumstances, the party must "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.* Notwithstanding confusion regarding the date of the alleged

assault and Officer Perkins's identity, Plaintiff knew Officer Perkins's identity and badge number no later than July 5, 2023, when he filed the Motion to Amend Complaint and filed a proposed Amended Complaint that named "Officer Perkin" as the sole Defendant. Although Plaintiff knew Officer Perkins's identity, when he returned the service packet on October 6, 2023, he inexplicably listed "Officer Barking" on the Summons and USM-285. Plaintiff failed to return the service packet for Officer Perkins, failed to respond to the September 28, 2023 Order to Show Cause, and failed to file any objections to the Report and Recommendation. Plaintiff has not shown injury and circumstances beyond his control prevented him from complying with this Court's Orders or serving Officer Perkins after July 5, 2023. The Court will therefore deny Plaintiff's Motion.

**IT IS ORDERED:**

(1) Plaintiff's Motion to Reopen Case (Doc. 36) is **construed** as a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. So construed, the Motion is **denied**.

(2) This case must remain **closed**.

Dated this 23rd day of May, 2024.

Michael T. Liburdi
United States District Judge